**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| V.Z., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-525-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION | : | |
| CENTER, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner filed an application for habeas relief under 28 U.S.C. § 2241 seeking a bond hearing. Pet. 2, ECF No. 1. Respondent moved to dismiss the petition. ECF No. 6. As explained below, the Court agrees that Petitioner's application for habeas relief is subject to dismissal and recommends granting Respondent's motion.

## BACKGROUND

Petitioner, a native and citizen of Kazakhstan, entered the United States in October 2020, pursuant to a nonimmigrant visa. Santiago Decl. ¶ 4, Ex. A, ECF Nos. 6-1, 17-2. Petitioner overstayed his visa which expired in April 2021. *Id.* ¶ 4, Ex. A. Immigration and Customs Enforcement ("ICE") arrested Petitioner on January 20, 2026, and served Petitioner with a Notice to Appear ("NTA") charging him with removability based on having overstayed the term of his visa. *Id.* Ex. C, ECF No. 6-4. Because Petitioner remained detained, the Court assumes that an immigration official reviewed Petitioner's detention and determined that Petitioner would be detained.

Petitioner then twice moved for a bond redetermination with an immigration judge ("IJ").    On February 18, 2026, and on March 11, 2026, Petitioner appeared for a bond hearing with an IJ, but Petitioner's counsel withdrew the requests.    Santiago Decl. ¶¶ 7-10, Exs. D, E, ECF Nos. 6-5, 6-6.    Petitioner filed a third request for a bond redetermination hearing on March 15, 2026.    *Id.* ¶ 11.    On March 18, 2026, the IJ held a bond hearing and found that Petitioner failed to meet his burden to show that he is not a danger.    *Id.* ¶ 12, Ex. F, ECF No. 6-7.    Petitioner filed a fourth motion for a bond redetermination hearing on April 7, 2026, and a hearing was scheduled on that motion for April 10, 2026.    *Id.* ¶ 13.    The parties have not updated the Court as to the outcome of that last hearing, but it appears from Petitioner's most recent filing that he remains detained.    *See* Pet'r's Resp. to MTD 2, ECF No. 9 (listing address as Stewart Detention Center).

Petitioner filed his application for habeas relief initially claiming that he was unlawfully detained under 8 U.S.C. § 1225(b)(2) and entitled to a bond hearing under *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Pet. 1.    Based on this representation, the Court issued an order directing Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).    Order 1-2, ECF No. 5.    Respondent moved to dismiss on April 10, 2026, explaining that Petitioner is detained under 8 U.S.C. § 1226(a), has received a bond hearing, and is not entitled to relief under *J.A.M.*    Resp't's MTD 1-4, ECF No. 6.    Petitioner responded in opposition to the motion to dismiss, asks the Court to review the IJ's denial of his bond request, and again seeks a bond hearing.    Pet'r's Resp. to MTD 1-2.    As

explained below, Petitioner is not entitled to habeas relief under *J.A.M.*, and the Court lacks jurisdiction to review the IJ's discretionary decision on bond. Consequently, Respondent's motion to dismiss should be granted.

## DISCUSSION

### I.   Petitioner is not entitled to relief under *J.A.M.*

Petitioner initially requests habeas relief under this Court's ruling in *J.A.M.* Pet. 1.   He argues that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and has been improperly denied bond.   *Id.*   But the record before the Court shows that Petitioner is not classified as an arriving alien, is being detained under § 1226(a), and has been provided multiple bond hearings.   Santiago Decl. Exs. C-F; *id.* ¶¶ 13-14.   Consequently, *J.A.M.* is inapplicable to Petitioner and Respondent's motion to dismiss on this ground should be granted.

### II.   The Court lacks jurisdiction over Petitioner's claim concerning his bond redetermination.

Petitioner also appears to be asserting that this Court should review the IJ's decision on bond.   Pet'r's Resp. to MTD 1.   Specifically, he claims that the IJ improperly considered evidence that is "speculation" regarding his dangerousness. *Id.*   He also claims that Respondent's assertion that he overstayed his visa is inaccurate.   *Id.*   And he asks again that the Court direct Respondent to "allow [P]etitioner a bond."   *Id.* at 2.   The Court lacks jurisdiction over any such claim.

A district court has limited jurisdiction to review matters related to immigration enforcement.   Under 8 U.S.C. § 1226(e), courts explicitly lack jurisdiction to review the Attorney General's discretionary decision regarding bond.

That provision provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, Petitioner's claim that the IJ erred in weighing the evidence presented in Petitioner's bond proceedings is barred by § 1226(e) because Petitioner is directly challenging the discretionary bond decision by the IJ. [1] Consequently, this claim should be dismissed.

## CONCLUSION

For the reasons explained above, Respondent's motion to dismiss (ECF No. 6) should be granted and Petitioner's application for habeas relief (ECF No. 1) should be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[1] The Court recognizes that while § 1226(e) "precludes an alien from challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release[,]" it "does not preclude challenges [to] the statutory framework that permits [the alien's] detention without bail." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks and citations omitted) (first, third, and fourth alteration in original). But Petitioner here fails to assert a claim regarding the statutory framework under which he was denied bond.

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.    In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 4th day of May, 2026.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE